**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
**Franz Bruggemeier**, OSB #163533
Email: fbruggemeier@ojrc.info
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270
Facsimile: 971-275-1839

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| TERI JACOBS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PORTLAND, OFFICER 37, and JOHN DOES 1-20.<br><br>Defendants. | Case No.<br><br>COMPLAINT<br>Violations of Civil Rights (42 U.S.C. §1983) for excessive force in violation of the Fourth Amendment.<br>State Tort Claim (Battery)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

This is a Civil Rights and State Tort action stemming from Defendants' unconstitutional, unnecessary, and intentional attack on Ms. Jacobs that caused her physical injury and pain. Defendants wantonly targeted and injured Ms. Jacobs after police had dispersed a protest from the area where Ms. Jacobs was in her role as a photojournalist. Officer 37 chased Ms. Jacobs as she attempted to walk away, hit and shoved her in her back with his baton repeatedly, finally knocking her down to the ground from behind. He then waited while Ms. Jacobs to gather her

senses and looked up at him, and then he bashed her in the face with his baton. Ms. Jacobs posed no threat to the officer at any time, and she had not committed any crime nor was she being lawfully arrested or detained. When the officer noticed he had been caught committing this vile act on camera, he quickly composed himself and walked away as if nothing happened. An entire squad of Portland Police Officers witnessed this act, failed to intervene, and allowed this officer to walk away after committing a violent crime against Ms. Jacobs. This action caused Ms. Jacobs emotional and physical injury, and she now sues the Defendants for this violation of her civil rights and battery.

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4), and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). The acts and practices alleged herein occurred in Multnomah County, Oregon.

## PARTIES

3. At the time of filing, Plaintiff Teri Jacobs is resident of Multnomah County, Oregon.

4. Defendant Officer 37 is an officer with the Portland Police Bureau (hereinafter, "PPB") during all relevant times. Officer 37 is identified as such because his real name has not been disclosed to the public. While at this protest action, Officer 37 wore a helmet with the number "37" written in large type. He also wore identification number 1007742 on his uniform.

When Officer 37's true name is ascertained, he will be substituted for this party. At all times relevant, Officer 37 was acting under color of state law.

5.  Defendant John Doe 1 is an officer with the Portland Police Bureau (hereinafter, "PPB") during all relevant times. Plaintiffs do not know John Doe 1's name, and thus sues him under a fictious one. When John Doe 1's true name is ascertained, he will be substituted for this party. At all times relevant, John Doe 1 was acting under color of state law.

6.  Ms. Jacobs does not know the true names and capacities of Defendants sued herein as John Does 2-15, and therefore sue these Defendants by fictitious names. John Does 2-15 are sued in their individual capacity, and are any City of Portland, or other state actor personnel who exercised responsibility over, conspired with, aided and abetted subordinates, and/or directly or indirectly participated in the tortious violations as hereinafter alleged. John Does 16-20 are sued in their individual capacity, and are any City of Portland, or other state actor personnel who supervised or otherwise controlled the actions of Defendants Officer 37 and John Does 1-15, either by setting in motion the series of acts taken alleged herein or knowingly refusing to terminate a series of acts alleged herein, and which these supervisors knew or reasonably should have known would cause others to inflict the constitutional injury alleged herein.

7.  Defendant City of Portland is a political subdivision of the State of Oregon, with the capacity to sue and be sued. Defendants Officer 37 and John Does 1-20 are agents of Defendant City of Portland.

## FACTUAL ALLEGATIONS

8.  On the evening of August 18, 2020, Ms. Jacobs was in the area around the Multnomah Building, which houses several county offices, on SE Hawthorne in Portland,

Oregon. Ms. Jacobs is an independent photojournalist and was acting that capacity that evening. Ms. Jacobs wore a press pass.

9. PPB officers ordered the crowd outside the Multnomah Building to disperse and began moving the crowd east for several blocks.

10. Since the murder of George Floyd at the hands of a Minneapolis Police Officer and the protests that ensued in Portland, Oregon, PPB has employed increasingly heavy-handed and brutal crowd control tactics, including acts that serve no legitimate policing purpose, are violations of PPB Directives, and are simply criminal acts against persons exercising their rights secured under the First Amendment. This pattern of excessive force during protest dispersals has also harmed journalists.

11. Ms. Jacobs had been dispersing with the crowd. She noticed that her friend had been pushed down. Her friend (highlighted in purple, Figure 1) had a small luggage-sized speaker on roller wheels. Ms. Jacobs (highlighted in blue, Figure 1) feared that her friend would be trampled by the large, heavily armed, and armor-clad police officers whom had been committing rampant constitutional violations for nights on end.



Figure 1: Screenshot from video taken by journalist Laura Jedeed,[1]

---

[1] Laura Jedeed (Misanthrophile) (@1misanthrophile), Twitter (August 18, 2020, 10:54 pm), https://twitter.com/1misanthrophile/status/1295962399103545345

Page 4 -- COMPLAINT

12.     Ms. Jacobs tried to pull her friend to the safety of the sidewalk, where PPB had instructed them and others to go. Officers flanked her. John Doe 1(highlighted in green, Figure 1) swung his truncheon like a baseball bat at Ms. Jacobs, striking her several times. After these strikes, Ms. Jacobs fled to the opposite sidewalk. Her friend was then able to get to her feet and walked to the sidewalk as well.

13.     As Ms. Jacobs attempted to walk to the sidewalk, Officer 37 chased Ms. Jacobs across the street. Despite her back being turned and her hands held up all while following orders to go to the sidewalk, Officer 37 used his truncheon to hit and shove Ms. Jacobs repeatedly in her back, neck, and the back of her head until he finally hit her so hard that he knocked Ms. Jacobs down to the hard pavement, as shown in Figure 2



Figure 2: Screenshot from video taken by journalist John the Lefty of Officer 37 attacking Ms. Jacobs.[2]

---

[2] John #PortlandProtest (@Johnnthelefty), Twitter (August 18, 2020, 11:08 pm), https://twitter.com/Johnnthelefty/status/1295965796426891265

Page 5 -- COMPLAINT

14. Ms. Jacobs stumbled to the ground, landing on her hands and knees. She flipped over while attempting to move away from her attacker and reverse backwards to the sidewalk. Ms. Jacobs tried to show Officer 37 her press pass which visibly dangled around her neck from a lanyard. Officer 37 loomed over her, waiting for Ms. Jacobs to recover from being knocked down from behind and look up.

15. As Ms. Jacobs was knocked to the ground, she was terrified that the officer was going continue to attack her and she feared that she might never get up again if he continued with his violent attack. When Ms. Jacobs looked up to see if another blow would come, Officer 37 bashed Ms. Jacobs in the face with his truncheon. (Figure 3.)



Figure 3: Screenshot from video taken by journalist John the Lefty of Officer 37 attacking Ms. Jacobs.[3]

16. Then, after he had pursued Ms. Jacobs and repeatedly used Deadly Force against her by hitting her repeatedly from behind in her neck, spine, and head, knocking her down, and

---

[3] John #PortlandProtest (@Johnnthelefty), Twitter (August 18, 2020, 11:08 pm), https://twitter.com/Johnnthelefty/status/1295965796426891265

Page 6 -- COMPLAINT

hitting her in the face, Officer 37 walked away from Ms. Jacobs like nothing had happened. Neither Ms. Jacobs nor her friend were arrested or cited.

17. PPB Use of Force Directive 1010 defines Deadly Force, also known as Lethal Force, as "[a]ny use of force likely to cause death or serious physical injury, including the use of a firearm, carotid neck hold, or strike to the head, neck or throat with a hard object." PPB officers are authorized to use their batons only "in response to active aggression," PPB DIR 1010.6.4.1.1.1, and "[m]embers striking or jabbing with a baton shall not deliberately target the head or throat, neck, spine, or groin unless deadly force would be authorized," PPB DIR 1010.6.4.1.2.1. Deadly Force is only authorized to protect officers or others from immediate threat of death or serious injury. PPB DIR 1010.8. Ms. Jacobs was walking away from Defendant Officer 37 when he attacked her from behind.

18. Despite Officer 37 having committed a felony of criminal Assault in the Second Degree (ORS 163.175) in plain view of Officer John Does 1-20, none of the PPB defendants intervened or arrested Officer 37 after he had attacked Ms. Jacobs. This is in accordance with the PPB pattern, practice, and/or custom to excuse the constitutional violations and criminal actions of their own, encourage violence amongst their members while at protests, and flagrantly violate constitutional rights while at protests.

19. Throughout the Uprising for Black Lives in the Summer of 2020, PPB has engaged in unconstitutional violence against protesters. The pattern of violence against protesters can only speak to unchecked violence being the official policy of the Portland Police Bureau.

20. Getting battered by Officer 37 and John Doe 1 was painful for Ms. Jacobs, both emotionally and physically. The wantonness with which these officers violated her rights also injured her.

## CLAIMS FOR RELIEF

21. Defendants Officer 37 and John Doe 1-20 are people within the meaning of 42 U.S.C. 1983.

22. Plaintiff seeks an award of non-economic damages, punitive damages where appropriate, attorney fees and litigation expenses/costs against defendants.

### CLAIM 1: VIOLATION OF FOURTH AMENDEMENT
(Use of Excessive Force – 42 U.S.C. 1983 – Individual Liability)

23. It is clearly established law that an officer may not use force that, in light of the circumstances and as perceivable by a reasonable, objective officer, is excessive and unnecessary.

24. In taking the actions described above, including but not limited to John Doe 1 battering Ms. Jacobs while attempting to help her friend to stand up and walk to the sidewalk to comply with the PPB orders, Officer 37 chasing and knocking down Ms. Jacobs, and waiting for Ms. Jacobs to look up before bashing her in the face, Defendants Officer 37 and John Doe 1 intentionally violated Ms. Jacobs's right to be free from excessive force, guaranteed by the Fourth Amendment to the United States Constitution.

25. Defendants Officer 37 and John Doe 1 committed these torts in full view of Officers John Does 2-20. None intervened to stop these constitutional violations as they happened, and none stopped Officer 37 from continuing policing that night. Thus, Officers John Does 2-15 personally participated in, conspired with, and condoned the actions of Defendants Officer 37 and John Doe 1. Upon information and belief, John Does 16-20 were acting in their supervisory capacity, either as Sergeants or Incident Commanders. Because they failed to stop these rampant constitutional violations, they too personally participated in, conspired with, and condoned the actions of Defendants Officer 37 and John Does 1-15.

26. Defendants Officer 37 and John Does 1-20 violated rights held by Ms. Jacobs which were clearly established, and no reasonable official similarly situated to these Defendants could have believed that his or her conduct was lawful or within the bounds of reasonable discretion. Defendants therefore does not have qualified or statutory immunity from suit or liability.

27. The actions of Defendant Officer 37, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Ms. Jacobs. As a result of said intentional conduct, Ms. Jacobs is entitled to punitive damages against Defendant Officer 37, in his individual capacity, in an amount sufficient to punish him and to deter others from like conduct.

28. The unreasonable seizure of Ms. Jacobs was the direct and proximate cause of bodily injury, pain, loss of liberty, mental and emotional suffering, and anguish. Ms. Jacobs is entitled to all of her damages in an amount to be ascertained according to proof at trial.

### CLAIM 2: BATTERY
### (State Tort — Respondeat Superior)

29. Through its agents, Defendants Officer 37 and John Doe 1, Defendant City of Portland is liable for an action in State Tort.

30. Defendants Officer 37 and John Doe 1 intended to cause harmful or offensive contact with Ms. Jacobs.

31. Defendants Officer 37 and John Doe 1's actions directly caused a harmful or offensive contact with Ms. Jacobs.

32. As a direct cause of the Defendant City of Portland's agents' actions, Ms. Jacobs suffered bodily injury, pain, loss of liberty, mental and emotional suffering, and anguish. Ms. Jacobs is entitled to all of her damages in an amount to be ascertained according to proof at trial.

## CLAIM 3: VIOLATION OF FOURTH AMENDMENT
(Illegal Seizure; Failure to Train and Discipline—42 U.S.C. § 1983—*Monell* Liability)

33.  Defendants Officer 37 and John Does 1-20 acted under color of state law and, as described in Claim 1, deprived Ms. Jacobs of her particular rights under the United States Constitution.

34.  The Officer defendants were following a practice or custom of Defendant City of Portland to cause the deprivation of Ms. Jacobs right to not be illegally seized.  Furthering this practice, Defendant City has either failed to train its officers to not use excessive force against individuals or has ratified improper training and discipline on this point. Additionally, the City has not properly trained their employees on proper de-escalation techniques. These constitutional violations have not been properly investigated, nor have these violators been disciplined, reprimanded or punished for this incident.

35.  As a result of the above-described conduct, Defendants caused Ms. Jacobs to suffer bodily injury, pain, loss of liberty, mental and emotional suffering, and anguish.  Ms. Jacobs is entitled to all of her damages in an amount to be ascertained according to proof at trial.

### DEMAND FOR JURY TRIAL

36.  For all claims alleged in this Complaint, Plaintiff demands a jury trial.

### REASONABLE ATTORNEY'S FEES AND COSTS

37.  42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

38.  Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

### CONCLUSION

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of Ms. Jacobs against Defendants for their damages;

      b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

      c. For such other and further relief as may appear just and appropriate.

DATED: September 23, 2020.

                                                      */s/ Juan C. Chavez*
                                                      Juan C. Chavez, OSB #136428
                                                      PO Box 5248
                                                      Portland, OR 97208

                                                      *ATTORNEY TO BE NOTICED*

                                                      */s/ Franz Bruggemeier*
                                                      Franz Bruggemeier, OSB #163533
                                                      PO Box 5248
                                                      Portland, OR 97208

                                                      *ATTORNEY TO BE NOTICED*