RYAN C. BAILEY, OSB #130788
Deputy City Attorney
ryan.bailey@portlandoregon.gov
MARC RODRIGUEZ, OSB #201019
Assistant Deputy City Attorney
marc.rodriguez@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **TERI JACOBS,** | **Case No. 3:20-cv-01653-SB** |
| **PLAINTIFF,** | |
| v. | **CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| **CITY OF PORTLAND, OFFICER 37, and JOHN DOES 1-20,** | |
| **DEFENDANTS.** | |

In accordance with Fed. R. Civ. P. 15(a)(1)(A), Defendant City of Portland ("City")

submits the following Answer and Affirmative Defenses to Plaintiff's First Amended Complaint,

in correspondingly numbered paragraphs as follows:

### INTRODUCTION

The City denies the allegations in the introduction of the First Amended Complaint.

Page  1 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

## JURISDICTION

### 1.

The City admits that jurisdiction in this Court is proper. The City otherwise denies the allegations in paragraph 1 of the First Amended Complaint.

## VENUE

### 2.

The City admits that the acts and practices alleged in the First Amended Complaint occurred in Multnomah County, Oregon. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 2 of the First Amended Complaint, and therefore denies the same.

## PARTIES

### 3.

The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 3 of the First Amended Complaint, and therefore denies the same.

### 4.

The City admits that Officer 37 is an officer with the Portland Police Bureau (hereinafter, "PPB") and during all relevant times to this lawsuit was acting under valid color of state law and within the due course and scope of his employment with the City of Portland. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 4 of the First Amended Complaint, and therefore denies the same.

### 5.

The City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 5 of the First Amended Complaint, and therefore denies the same.

///

///

Page 2 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

6.

The allegations in paragraph 6 are not directed to the City and no response is required. To the extent any response is required, the City lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6 of the First Amended Complaint, and therefore denies the same.

7.

The City admits that the City of Portland is a municipality and public body within the State of Oregon. The City denies the remaining allegations in paragraph 7 of the First Amended Complaint.

**FACTUAL ALLEGATIONS**

8.

The City admits that on or about the evening or night of August 18, 2020, Plaintiff Ms. Jacobs was in the area around the Multnomah County Sherriff Department Building, which houses several county offices, among other purposes. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 8 of the First Amended Complaint, and therefore denies the same.

9.

The City admits that on the night of August 18, 2020, at the relevant times at issue, there was a large crowd of protestors gathered outside the Multnomah County Sherriff Department Building, that the crowd illegally engaged in riotous activity including but not limited to lighting fire to the Multnomah Building, and that the crowd was subsequently lawfully declared a riot and ordered to disburse by PPB and other law enforcement agencies. Except as expressly admitted, the City lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 9 of the First Amended Complaint, and therefore denies them.

///

Page  3 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

10.

The City denies the allegations in paragraph 10 of the First Amended Complaint.

11.

The City denies the allegations in paragraph 11 of the First Amended Complaint.

12.

The City denies the allegations in paragraph 12 of the First Amended Complaint.

13.

The City admits that at the place and time at issue Plaintiff Ms. Jacobs was interfering with police officers and failing to disburse. Also, at this place and time the crowd of protesters in the area was violent and chaotic. Pepper spray was deployed against an individual and Officer 37 was struck with a heavy object, knocking him to the ground. The City admits that Plaintiff Ms. Jacobs fell to the ground after being pushed away from the other officers at least twice by Officer 37. The City denies Plaintiff Ms. Jacobs was injured in any way. Except as expressly admitted, the City denies the remaining allegations in paragraph 13 of the First Amended Complaint.

14.

The City admits that Plaintiff Ms. Jacobs fell to the ground on her hands and knees. The City denies the remaining allegations in paragraph 14 of the First Amended Complaint.

15.

The City denies the allegations in paragraph 15 of the First Amended Complaint.

16.

The City denies the allegations in paragraph 16 of the First Amended Complaint.

17.

In response to paragraph 17 of the First Amended Complaint, PPB's directives speak for themselves, and no further response is required. To the extent any further response is required, the City denies the allegations.

Page 4 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

18.

The City denies the allegations in Paragraph 18 of the First Amended Complaint

19.

The City admits that the Compliance Officer and Community Liaison (COCL), Rosemblaum & Associates LLP, prepared the third quarterly report for the City of Portland dated November 23, 2020, as required by the Settlement Agreement between the City of Portland and the United States Department of Justice (DOJ), Case No. 3:12-cv-02265-SI, filed December 17, 2012. The City further admits that the COCL report and related relevant documents speak for themselves. Except as expressly admitted, the City denies the allegations in Paragraph 19 of the First Amended Complaint.

20.

The City admits that Officer 37 self-reported his interactions with Plaintiff Ms. Jacobs and that PPB promptly began a thorough review process as required by applicable law, directives, and/or policies. The documentation and reports from that review process speak for themselves and no further response is required. To the extent any further response is required, the City denies the allegations in Paragraph 20 of the First Amended Complaint.

21.

The City denies the allegations in paragraph 21 of the First Amended Complaint.

22.

The City denies the allegations in Paragraph 22 of the First Amended Complaint.

23.

The City denies the allegations in Paragraph 23 of the First Amended Complaint.

///

///

///

Page  5 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**CLAIMS FOR RELIEF**

24.

The City admits that Officer 37 is a person within the meaning of 42 U.S.C. 1983. The City lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24 of the First Amended Complaint, and therefore denies the same.

25.

The City denies Plaintiff is entitled to the relief requested.

**CLAIM 1: VIOLATION OF FOURTH AMENDEMENT**

**(Use of Excessive Force – 42 U.S.C. 1983 – Individual Liability)**

26.

The allegations in Paragraph 26 of the First Amended Complaint are legal conclusions that are not directed to the City, and therefore no response is required. To the extent any further response is required, the allegations are denied.

27.

The allegations in paragraph 27 of the First Amended Complaint are not directed toward the City and therefore no response is required. To the extent any further response is required, the allegations are denied.

28.

 The allegations in paragraph 28 of the First Amended Complaint are not directed toward the City, and therefore no response is required. To the extent any further response is required, the allegations are denied.

29.

The allegations contained in paragraph 29 of the First Amended Complaint are legal conclusions and are not directed toward the City, and therefore do not require a response. To the extent any further response is required, the allegations are denied.

Page  6 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

30.

The allegations in paragraph 30 of the First Amended Complaint are not directed toward the City, and therefore no response is required. To the extent any further response is required, the allegations are denied.

31.

The allegations in paragraph 31 of the First Amended Complaint are not directed toward the City, and therefore no response is required. To the extent any further response is required, the allegations are denied.

## CLAIM 2: BATTERY

### (State Tort — Respondent Superior)

32.

The City denies the allegations in paragraph 32 of the First Amended Complaint.

33.

The City denies the allegations in paragraph 33 of the First Amended Complaint.

34.

The City denies the allegations in paragraph 34 of the First Amended Complaint.

35.

The City denies the allegations in paragraph 35 of the First Amended Complaint.

## CLAIM 3: VIOLATION OF FOURTH AMENDMENT

### (Illegal Seizure; Failure to Train and Discipline—42 U.S.C. § 1983—Monell Liability)

36.

The City denies the allegations in paragraph 36 of the First Amended Complaint.

37.

The City denies the allegations in paragraph 37 of the First Amended Complaint.

///

Page  7 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

38.

The City denies the allegations in paragraph 38 of the First Amended Complaint.

**DEMAND FOR JURY TRIAL**

39.

The allegations in Paragraph 39 of the First Amended Complaint are not directed to the City, and therefore no response is required.

**REASONABLE ATTORNEY'S FEES AND COSTS**

40.

The allegations in Paragraph 40 of the First Amended Complaint are not directed to the City, and therefore no response is required. The City denies Plaintiff is entitled to attorney fees or costs in this action.

41.

The allegations in Paragraph 41 of the First Amended Complaint are not directed to the City, and therefore no response is required. The City denies Plaintiff is entitled to attorney fees or costs in this action.

**CONCLUSION**

The City denies that Plaintiff is entitled to compensatory damages, an award of pre-judgment interest, an award of attorneys' fees and costs, or any other relief.

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, the City alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

42.

Plaintiff has failed to properly state a claim upon which relief can be granted.

///

Page  8 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Defendant City of Portland)

43.

Plaintiff may not recover punitive damages against Defendant City of Portland either under federal or state law. *Newport News v. Fact Concerts, Inc.*, 253 U.S. 247 (1981); ORS 30.269(1).

## THIRD AFFIRMATIVE DEFENSE

### (Qualified Immunity)

44.

Individually-named police officers, including but not limited to Officer 37, are entitled to qualified immunity from liability under 42 U.S.C. § 1983 because they acted in good faith and a reasonable police officer would not have known that any of their actions or inactions would violate a clearly established constitutional right of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (No damages for Violation of Oregon Constitution)

45.

Plaintiff has no private right of action for any damages for any violation of the Oregon Constitution. *Hunter v. City of Eugene*, 309 Or. 298 (1990).

## SIXTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

46.

All of The City' conduct was legally justified and/or privileged by state law.

///

///

///

Page  9 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Riot)

47.

Plaintiff's claims for relief arise out of a riot; civil commotion; or mob action, and out of acts or omissions in connection with prevention of the foregoing. The City is immune from liability from Plaintiff's claims pursuant to ORS 30.265(6)(e).

## EIGHTH AFFIRMATIVE DEFENSE

### (Oregon Tort Claims Act Limitations)

48.

Plaintiff's state claims are all subject to the Oregon Tort Claims Act and the procedures, limitations, and immunities contained in ORS 30.260 *et seq.*, including but not limited to the requirement that separate and timely Tort Claims Notices be provided within 180 days of the alleged actions on which each claim for relief is based, and the requirement that the timely giving of such Tort Claims Notices must be pled in the Complaint.

///

///

///

///

///

///

///

///

///

///

///

Page  10 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

49.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, The City

asks for the following relief:

      A.  That judgment be entered in favor of the City and against Plaintiff;

      B.  That the City be awarded reasonable costs incurred herein; and

      C.  That the City be awarded such other relief as the Court deems just and equitable.

Dated:  December 18, 2020.

                              Respectfully submitted,

                              */s/ Ryan C. Bailey*

                              RYAN C. BAILEY, OSB # 130788
                              Deputy City Attorney
                              Email: ryan.bailey@portlandoregon.gov
                              MARC RODRIGUEZ, OSB #201019
                              Assistant Deputy City Attorney
                              Email: marc.rodriguez@portlandoregon.gov
                              *Of Attorneys for Defendants City of Portland*

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089